A. KAHO AND HUSBAND, Respondents, v. W. H. KING, Administrator, Appellant.

### Kansas City Court of Appeals, October 26, 1885,

EVIDENCE—SUIT AGAINST ADMINISTRATOR—COMPETENCY OF PLAINTIFFS AS WITNESSES.—In a suit against an administrator, where one of the

issues was, whether a written instrument to which the plaintiffs were parties was genuine, the plaintiffs are not competent witnesses upon this issue. Rev. Stat., sect. 4010; *Weiland v. Weyland*, 64 Mo. 168.

APPEAL from Polk Circuit Court, HON. BEN. V. ALTON, Judge.

*Reversed and remanded.*

The facts are stated in the opinion.

JOHN W. ROSS, for the appellant.

I. This being an action against an administrator, plaintiffs were not competent as witnesses, and their depositions should have been excluded. Rev. Stat., sect. 4010.

II. The receipt found by the administrator among the papers of Jonas L. King, deceased, was *prima facie* evidence of a settlement made by him with plaintiffs as therein stated.

III. More than ten years having elapsed from the final settlement, approved January 11, 1870, to the presentation of demand to administrator on February 6, 1882, the same was barred by limitation as a stale claim.

IV. The testimony of witnesses offered by plaintiffs as to the genuineness of the signatures of plaintiffs to the receipt, was not admissible, because they were not shown to be experts; and it was incompetent to have them compare and testify upon comparison, without having any knowledge of the handwriting of plaintiffs. *State v. Thompkins*, 71 Mo. 613; *State v. Owens*, 73 Mo. 440.

J. B. UPTON, for the respondents.

I. There are but two questions in this case. Were the depositions of plaintiffs improperly admitted? And if so, was the error harmless? Plaintiffs proved the rendition of the judgment in their favor. This made out their case. Defendant wholly failed to establish

the plea of payment. The receipt was improperly admitted. Its genuineness was not proven, nor does it purport to be given in satisfaction of this judgment. At its date, Jonas L. King was not administrator of James A. King; he ceased to be such January 11, 1870. Defendant's evidence shows conclusively that any settlement that Jonas L. King may have had with Mrs. Kaho was *before the final settlement and judgment of distribution sued on.*

II. If, then, defendant's evidence failed to establish the plea of payment, the admission of the deposition of plaintiffs was perfectly harmless, as the plaintiffs must have recovered without them.

III. There is nothing in the point raised by defendant that the witnesses were not experts. This was a question for the court. One was a bank cashier, and the other a merchant and had been clerk of the courts, and the court was satisfied of their ability.

IV. A suit on a judgment can be maintained at any time within twenty years.

HALL, J.—Jonas L. King was administrator of the estate of James A. King. Upon final settlement, as such administrator, in January, 1870, the sum of $194.38 was found to be due the estate of James A. King, and Jonas L. King was ordered by the probate court to pay that sum to Aramintas King, the widow of said James A. King.

Afterwards Aramintas King became and is now the wife of Andrew Kaho. After his final settlement, as administator, Jonas L. King died, and W. H. King was appointed administrator of his estate.

This action was begun in 1882, in the probate court of Polk county, to recover against the estate of Jonas L. King the sum of $194.38, and interest. The plaintiffs had judgment in the probate court; upon appeal to the circuit court the plaintiffs again recovered judgment. The case is here on appeal.

One of the issues tried in the circuit court was, whether the following receipt,

"OSWEGO, KANSAS, Feb. 24, 1872.

"Received of Jonas L. King, administrator of James A. King, all the personal property belonging to us, or either of, from said estate, hereby relinquishing all claim against said administrator for any thing further from said estate, and hereby confess and acknowledge the same fully settled and satisfied so far as we are concerned.

"ARAMINTAS KAHO.
"ANDREW KAHO,"

Offered by the defendant in defence against this action, was genuine. Upon this issue the depositions of the plaintiffs were read in evidence against the objections of defendant.

Whether or not plaintiffs were competent witnesses in this action is the only question properly presented for our consideration.

The plaintiffs were not competent witnesses in this case. Section 4010 of Revised Statutes; *Weiland v. Weyland*, 64 Mo. 169, and cases cited.

For this reason the judgment of the circuit court is reversed and the cause is remanded. All concur.